UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PRESTON E. MAXWELL, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 1:06CV00029-ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [doc. #1].

**I. BACKGROUND**

On December 31, 2001, Movant was cited for firing a weapon within the city limits of Poplar Bluff, Missouri, in violation of a Popular Bluff municipal ordinance. Two Poplar Bluff Police Officers, Detective Gary Pride and Lieutenant Anthony Wallace, responded to gunshots being fired outside a home close to midnight on New Year's eve. When Detective Pride approached the residence, he observed two women and a man behind the home. The man ran as Detective Pride approached, and was intercepted by Lieutenant Wallace, who was in front of the residence. Lieutenant Wallace testified at trial that Movant admitted to shooting off the weapon. Movant was issued a summons, and then the Officers left the scene. This incident formed the basis of Movant's conviction.

Movant was convicted by a Jury of being a felon in possession of a firearm, and was scheduled for sentencing on June 19, 2003. Prior to sentencing the United States Probation

1

Office prepared a Presentence Investigation Report ("PSR"), which was submitted on May 20, 2003. The initial PSR stated an Offense Level of 24 with a Criminal History Category of VI. The Offense Level was obtained due to two prior crimes of violence, a 1996 conviction for Aggravated Battery, and a 1998 conviction for Burglary. Under this initial PSR, a sentencing range of 100 to 120 months was recommended. After preparing the initial report the Probation Officer discovered a third felony conviction for a crime of violence. This changed the PSR, and a final PSR incorporating the third conviction was filed with the Court on June 12, 2003. The final PSR had an Offense Level of 33, and an unchanged Criminal History Category of VI. The sentencing range was increased to a range of 235 to 293 months. Movant filed objections to the PSR prior to sentencing. On June 19, 2003, Movant was sentenced to a 235 months imprisonment.

## II. STANDARDS FOR RELIEF UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255 ). Thus, a "petitioner is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle him to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the

record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043; see also *Blankenship v. United States*, 159 F.3d 336, 337 (8th Cir. 1998) ("[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." (internal citation omitted)).

Section 2255 claims may also be limited by procedural default. A petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Moreover, even constitutional or jurisdictional claims not raised on direct appeal are procedurally defaulted, unless the petitioner can demonstrate either cause for the default and actual prejudice, or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (cited in *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001)); *see also Larson v. united States*, 833 F.2d 758, 759 (8th Cir. 1987) (applying cause and actual prejudice requirement to § 2255 actions).

### III. DISCUSSION

The Court will first address Defendant's assertion that no evidentiary hearing is required. There are two circumstances where a court may determine a § 2255 petition without an evidentiary hearing: 1) when the motion is inadequate on its face; and 2) when the motion is conclusively refuted as to the alleged facts by the files and records in the case. *United States v. McGill*, 11 F.3d 223, 226 (1st Cir. 1993); *See also Blankenship*, 159 F.3d at 337. Movant has alleged that he was denied effective assistance of counsel as guaranteed under the Sixth

Amendment to the United States Constitution.[1]  This clearly alleges adequate grounds for relief on its face.  Therefore, the Court must determine whether the motion is conclusively refuted by the files and records before this Court.

A claim of ineffective assistance of counsel consists of two components. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "First, the defendant must show that counsel's performance was deficient[,]" and "[s]econd, the defendant must show that the deficient performance prejudiced the defense. *Id.  See also Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993) ("To establish ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness, and that but for this ineffective assistance, there is a reasonable probability that the outcome of the trial would have been different." (Internal citation and alterations omitted)).  "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.  The Sixth Amendment's guarantee to effective assistance of counsel is not intended to create a detailed set of guidelines for trial counsel to follow, as this would "interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Id*.  Rather this Court's role is to determine whether the assistance rendered by Movant's counsel was that of a "reasonably competent attorney." *Id.* at 687.

Movant raises ten separate arguments as to why his trial counsel's performance was not reasonably competent, and why he is therefore entitled to relief.  Having reviewed the briefs submitted by the parties, as well as the exhibits in support, this Court concludes that the motion is conclusively refuted by the record in this case, and therefore no evidentiary hearing is required on

---

[1]The Court notes that this was raised by Movant on direct appeal, and therefore he is not procedurally defaulted from raising the claim at this time. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

4

Movant's ineffective assistance of counsel claim. Many of Movant's assertions are repetitive or conclusory, and therefore will only be briefly addressed by the Court.

Movant's first assertion relates to the two female witnesses that were at the house when the police arrived in response to the illegal discharge of a firearm within the city limits of Poplar Bluff, Missouri. Movant asserts that his attorney was ineffective because he failed to adequately investigate Movant's defense to the charges, failed to locate the two female witnesses who could have testified on his behalf, failed to object to the government's use of hearsay statements of the two witnesses, and failed to object to the government's closing argument that Movant knew the identity of the two witnesses. Defendant has submitted an affidavit of Attorney Alan S. Cohen, the attorney who represented Movant at trial, in support of the Answer to Movant's petition. Mr. Cohen testifies that he investigated the scene of the alleged incident surrounding the charge, and after speaking with Movant, determined that the best trial strategy was to attack the investigation performed by the police. *Gov't's Answer to Movant's Section 2255 Pet.*, Ex. 1, ¶4. Movant told Mr. Cohen that almost all witnesses who might be able to offer relevant testimony had criminal records and that his girlfriend and brother were either reluctant to testify or would not have offered relevant evidence. Movant has not presented any specific evidence to support his assertion that Mr. Cohen failed to adequately investigate his defense. Specifically, the names and addresses of the two female witnesses were not known to Movant or Mr. Cohen, and therefore were not able to be located. Furthermore, it is not clear that they would have been able to provide testimony in support of Movant's defense, and therefore Movant cannot show that such omission prejudiced the defense.

Movant's argument that Mr. Cohen failed to object, on the basis of hearsay, to the statements by the two female witnesses, testified to by Detective Gary Pride, is without merit.

5

Detective Pride testified that the two female witnesses denied ownership of the firearm, and denied firing the firearm. The trial transcript shows that Mr. Cohen did object on the grounds of hearsay to the statements made by the two female witnesses. The statements of the two female witnesses were not testimonial. *See Crawford v. Washington*, 541 U.S. 36, 51 (2004) ("The Confrontation Clause. . . applies to witnesses against the accused -in other words those who bear testimony." (internal citation omitted)). The two unidentified women were not accusers of movant. Additionally, their statements were not hearsay. They were offered to show what the officers did in their investigation, not for the truth of the matter asserted. Similarly, Mr. Cohen objected to the Government's reference to the two female witnesses during closing arguments. Therefore, Movant's first basis for his ineffective assistance claim is refuted by the record.

Second, Movant asserts that Mr. Cohen was ineffective for failing to introduce Movant's post arrest statement to Alcohol Tobacco and Firearm (ATF) agents that he did not possess a firearm. This evidence, even if presented, would not have been admissible, as defendants may not introduce evidence of their own denials of guilt prior to trial. *See e.g. United States v. Greene*, 995 F.2d 793 (8th Cir. 1993) ("[A]ll defendant is offering is a prior statement consistent with his plea of not guilty. Such statements, when offered by the defendant, are hearsay . . .."). Even if such evidence was admissible, Movant has failed to show that had Mr. Cohen introduced the evidence it would have changed the outcome of the trial. By pleading not guilty, Movant was saying that he did not commit the crime charged. Therefore, Movant's motion is denied on this basis.

Third, Movant argues that Mr. Cohen's representation was ineffective because he failed to request a fingerprint analysis of the firearm in question. As stated above, Mr. Cohen testified that he believed the best trial strategy was to attack the investigation conducted by the police officers.

6

This strategy included attacking the failure of the officers to fingerprint the firearm. The Supreme Court made clear in *Strickland*, that it is not the role of the court to second guess strategy decisions of trial counsel. 466 U.S. at 689. Mr. Cohen cross examined the two testifying officers, challenging the evidence and investigation supporting the charge. Movant's assertion that this strategy violated his Sixth Amendment right is without merit; such trial strategy decisions are left to trial counsel's discretion.

Fourth, Movant asserts that Mr. Cohen's representation was ineffective because he failed to introduce evidence of Movant's not guilty plea to the Poplar Bluff municipal violation. This raises the same issue as his statements to the ATF investigators addressed above. Such evidence is hearsay, and not admissible when offered by the defendant. *See U.S. v. Greene*, 995 F.2d at 798. Furthermore, Movant has not presented any evidence to support his argument that the admission of such statements would have changed the outcome of the trial. Movant's fourth basis is insufficient to support Movant's ineffective assistance of counsel claim.

Fifth, Movant argues that Mr. Cohen's representation was ineffective for failing to inquire of the police officers why the firearm was seized when Movant was written up for violating the Poplar Bluff municipal ordinance. Movant argues that this would show that the police officers did not know who was responsible for the firearm, because if Movant had made the admission, as testified to by the police, they would have had no need to seize the firearm. This argument is not persuasive. Police officers have many reasons for seizing firearms at crime scenes. Among those is removing the instrumentality for further criminal behavior. Plaintiff's Counsel is not required to do meaningless acts. The failure to make such an inquiry does not support a violation of the Sixth Amendment.

Sixth, Movant asserts that Mr. Cohen was ineffective for failing to inquire of the police officers why Movant's criminal history was not verified at the scene. Outstanding warrant information is commonly readily available to police officers through communication technology, however there is no showing that Movant's criminal history was available. There is also no argument presented as to why it would have been beneficial to Movant for Movant's Counsel to make such an inquiry. Furthermore, any benefit would be outweighed by the prejudicial effect of enlightening officers to Movant's substantial criminal history. There was no need to draw attention to Movant's criminal history. Movant's sixth argument fails to support a Sixth Amendment violation.

Movant's next four grounds for his ineffective assistance claim relate to Mr. Cohen's actions during sentencing. Movant received an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).[2] Movant argues that his counsel was ineffective for: 1) failing to adequately investigate his criminal history; 2) failing to request a continuance to investigate whether Movant's burglary conviction was a crime of violence; 3) failing to argue that the Armed Career Criminal Act required an additional element of proof which was not submitted to the jury; and 4) failing to challenge the Constitutionality of 18 U.S.C. § 922(g)(1) on the grounds that it amended the Constitution without the benefit of a constitutional amendment. There is no evidence that Movant's counsel failed to investigate Movant's criminal history or

---

[2]18 U.S.C. § 924(e)(1) states, in pertinent part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years. . ..

18 U.S.C. § 924(e)(1).

more specifically, Movant's prior burglary offense. Mr. Cohen testified that he did not believe a continuance was necessary, as he was able to adequately raise all objections to the PSR during sentencing. *Gov't's Answer to Movant's Section 2255 Pet.*, Ex. 1, ¶¶10-11. Mr. Cohen testified that he fully discussed Movant's criminal history with Movant prior to trial, and he did not mention the prior Illinois burglary conviction. *Id.* Therefore Movant's first attack on Mr. Cohen's performance during sentencing proceedings is without merit.

Movant next asserts that the Illinois burglary conviction was not a crime of violence, and therefore was insufficient to form the basis of his sentence as an armed career criminal.[3] However, as listed in Movant's Section 2255 petition, this ground was raised by his Counsel on appeal, and was unsuccessful. *Movant's Section 2255 Petition*, p. 3 ("Grounds raised on appeal: . . . (4) Whether the district court erred by considering petitioner's 1998 burglary conviction as a predicate offense for the purpose of imposing an enhanced sentence under the Armed Career Criminal Act."); *see United States v. Maxwell*, 363 F.3d 815, 821 (8th Cir. 2004) ("[W]e hold Maxwell's Illinois felony fell within the generic definition of burglary for enhancement purposes . . . ."). As previously stated, in order for Movant to be successful, he must show that if Mr. Cohen had raised the argument that his burglary conviction was not a crime of violence, his sentencing would have been different. Since the same issue was upheld on appeal and is supported by the language of the statute, Movant does not meet this burden. Therefore, Movant's second

---

[3]The Armed Career Criminal Act defines "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . ., that-(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . ..

18 U.S.C. § 924(e)(2)(B)(ii).

objection to his representation during sentencing is insufficient to support his motion; Movant fails in his burden to show that Mr. Cohen's representation of him during sentencing was ineffective.

Movant next attacks the legality of the Armed Career Criminal Act. Movant asserts that Mr. Cohen failed to argue that the Armed Career Criminal Act requires an additional element of proof, not submitted to the jury; specifically that the Government should have been required to prove to the jury that Movant had been convicted of three crimes of violence. Movant further argues that this constitutes the Court nullifying the jury's verdict, and entering a new verdict. This argument fails because there is no evidence that had Mr. Cohen raised this argument, the case would have turned out differently. Furthermore, the Eighth Circuit held in *United States v. Hardesty*, in a case with almost identical facts, "that the determination of the nature of a defendant's prior offense is a legal question to be determined by the district court." 172 Fed.Appx. 697, *1 (8th Cir. March 28, 2006) (per curium). In this case, Movant's criminal conviction, felon in possession of a firearm under 18 U.S.C. § 922(g)(1), was not changed by this Court's imposed sentence. The Supreme Court held in *Almendarez-Torres v. United States*, that a district court is entitled to determine a defendant's prior criminal history following conviction. 523 U.S. 224, 244 (1998) ("[R]ecidividsm does not relate to the commission of the offense, but goes to the punishment only, and therefore may be subsequently decided." (Internal alterations and citation omitted)). The language of 18 U.S.C. § 924(e)(1) further supports this conclusion, as it makes clear that it is applicable to the sentencing of a person who is convicted under 18 U.S.C. § 922(g)(1), and is not a separate offense. A successful ineffective assistance of counsel claim requires a showing that Counsel's shortcomings effected the outcome of the trial. It is clear

that had Mr. Cohen argued that the Armed Career Criminal Act violated Movant's right to a trial by jury, such claim would have failed.

Lastly, Movant argues that Mr. Cohen's representation was inadequate as he failed to challenge the constitutionality of 18 U.S.C. § 922(g)(1). This argument fails for the same reason stated in the paragraph above. It is well settled in the Eighth Circuit that § 922(g)(1) does not violate the Second Amendment of the Constitution and therefore Mr. Cohen was not ineffective for failing to raise a futile argument. *United States v. Wilson*, 315 F.3d 972, 973 (8th Cir. 2003) ("[T]his Circuit's established precedent upholds the constitutionality of § 922(g)(1) . . .."); *see also United States v. Waller*, 218 F.3d 856, 857 (8th Cir. 2000) ("[I]t is now well-settled that Congress did not violate the Second Amendment in enacting the statutes in question [18 U.S.C. § 922(g)(1)]."). Movant's final argument is unavailing.

## IV. CONCLUSION

The Court concludes that no hearing is required in this case. The record clearly supports Defendant's assertion that Movant did not receive ineffective assistance of counsel. Specifically, Movant's attorney investigated the claims charged against Defendant, he chose what he believed would be the best trial strategy considering the evidence, and objected during the trial to testimony offered by the Defendant that Movant argues was inadmissible as hearsay. Furthermore, during sentencing, Mr. Cohen raised objections to the PSR, and testified that he did not believe a continuance was necessary. Due to the irrefutable evidence in the record, Movant's Motion to vacate, set aside or correct sentence is denied without an evidentiary hearing. *United States v. McGill*, 11 F.3d 223, 226 (1st Cir. 1993).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [doc. #1] is **DENIED.**

Dated this 25th Day of June, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE